IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATE KOVAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HARRIS & HARRIS, LTD., ) <br> ) <br> Defendant. ) <br> ) | <br><br><br><br><br>No. 16-CV-08449<br><br>Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kate Koval alleges that Defendant Harris & Harris, Ltd. ("Harris") made several misrepresentations in a debt collection letter. Harris moved to dismiss on the grounds that Koval lacked standing and that her complaint failed to state a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. For the reasons that follow, the motion to dismiss is denied.

### BACKGROUND

For the purposes of this motion, the Court accepts as true all well-pleaded facts in the complaint. Kate Koval is the legal guardian of her disabled father, Michael Koval. Compl. ¶ 6. She alleges that she incurred a debt for consumer medical services at the MSRIC Rehab Institute of Chicago ("MSRIC"), which she could not afford to pay. *Id.* at ¶ 12-13. Although Koval alleges Harris sent the relevant letter "directly to" her, the December 28, 2015 letter is addressed to Michael Koval. *Compare* Compl. ¶ 26, Compl. Ex. F. Koval clarifies in her response that she has the authority to "open and read" her father's letters as well as "the responsibility to make decisions on his behalf based on what is in the letters." Pl.'s Resp. at 5, EC No. 21.

Regardless, Harris's letter contained several statements to which Koval objects. First, the letter stated that "[i]f this debt is not paid, our client may exercise various options to enforce collections." Compl. ¶ 18. Based on this statement, Koval believed Harris's client was considering a lawsuit. *Id.* at ¶ 20. Harris and MSRIC, however, did not intend to sue her and had never sued a consumer in Cook County (where MSRIC is located). *Id*. at ¶ 21-22.

Second, the letter provided instructions on how to authorize an electronic payment and further provided that the consumer "may cancel this Authorization by calling us at (866)850-4915 at least three business days before you wish the cancellation to be effective." *Id*. at ¶¶ 28, 33. Koval further alleges that a consumer can in fact cancel a payment authorization in writing or by phone and that Harris accepts written cancellations. *Id*. at ¶¶ 38, 50. Koval filed this lawsuit on August 30, 2016, alleging that both statements in the letter represented that Harris would take actions that neither Harris nor its client intended to take and were therefore misleading. Harris has moved to dismiss.

## DISCUSSION

Harris maintains that Koval lacks standing to sue in her individual capacity and that none of the statements in the letter violate the FDCPA.

### I. Standing

Harris first alleges that Koval lacks standing to sue in her individual capacity and must sue in her representative capacity as guardian of her father. Koval has been required to amend her complaints to state she is suing in her representative capacity in two FDCPA suits brought under § 1692g. *See* Def.'s Mem. at 1, ECF No. 18; *Koval v. Hodges & Davis, P.C.,* No. 16-CV-05659, Dkt. 20 at 4 (granting motion to dismiss and granting leave to amend to allege suit in a representative capacity). That provision is expressly limited to communications with consumers,

however. This case, by contrast, is brought under § 1692e, which contains no similar limitation. Courts have "taken a section-by-section approach to standing under the FDCPA." *Barasch v. Estate Info. Servs., LLC*, No. 07-CV-1693 NGG/MDG, 2009 WL 2900261, at *2 (E.D.N.Y. Sept. 3, 2009). *See Todd v. Collecto, Inc.*, 731 F.3d 734, 738 (7th Cir. 2013) ("each provision of the FDCPA must be analyzed individually to determine who falls within the scope of its protection and thus to decide 'with respect to' whom the provision can be violated"). A plaintiff who lacks standing under one provision of the FDCPA may well have standing under another.

Generally, "only a person within a statutory provision's 'zone of interest' has standing to sue under it." *Todd*, 731 F.3d at 736. The protections of the FDCPA generally do not extend to third parties, unless that person "can be said to stand in the consumer's shoes." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943 (7th Cir. 2011). The Seventh Circuit has cautioned against reading *O'Rourke*'s limitation too broadly, noting that the FDCPA protects the "family, employer and neighbors of the consumer." *Todd*, 731 F.3d at 737. Protecting close associates, moreover, is consistent with the statute's own definition of "consumer," which includes "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). Formal guardian or not, a daughter who provides daily care for a disabled parent fits comfortably within the same zone.

The relevant section here states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This section does not explicitly limit itself to consumers. Like § 1692d, which prohibits harassment, there is no reason to think that a guardian child is beyond the zone of interest for this provision. *See Todd*, 731 F.3d at 738 (noting that any person is protected from harassment under § 1692d). A person who is not the consumer could similar be tricked by a deceptive letter into

3

paying (or convincing the consumer to pay) a debt. Other courts have similarly held that family members have standing under § 1692e. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003).

Thus, while it is doubtless true that Koval could sue in her representative capacity as a guardian (and thus invoking standing as a "consumer" under §1692c(d)), she does not have to do so. A close family member who receives a misleading communication attempting to collect a debt may sue in her individual capacity under § 1692e.

### II. Failure to State a Claim

In another case in which Harris is the defendant, decided after the briefing of this motion had been completed, this Court found that the statement that a client "may exercise various options to enforce collections" could state a claim under the FDCPA. *Cuenca v. Harris & Harris, Ltd.*, No. 16-CV-05385, 2017 WL 1196922, at *2 (N.D. Ill. Mar. 31, 2017). In that case, Harris sent a letter containing identical language to a consumer even though its client did not sue to collect medical debts. Koval has similarly alleged that MSRIC did not intend to sue her and has never sued a consumer. The Court therefore finds, for the reasons stated in *Cuenca*, that Koval has similarly stated a claim and denies the motion to dismiss.

Because Koval's FDCPA claim can move forward, the Court need not extensively address Harris's second argument that its electronic payment authorization language was not misleading or deceptive. Harris initially argued that Koval was attempting to subject it to Regulation E of the Electronic Funds Transfer Act ("EFTA"), 12 C.F.R. § 205.10. *See* Def.'s Mem. at 9. Koval clarified that she was not seeking to subject Harris to any law other than the FDCPA and merely meant to allege that Harris has misstated her right to cancel an electronic payment authorization and "inaccurately limited its instructions" on how she could do so. Pl.'s

Case: 1:16-cv-08449 Document #: 23 Filed: 04/05/17 Page 5 of 6 PageID #:103

Resp. at 11. Obviously Koval cannot seek to hold Harris accountable under the EFTA through her FDCPA suit, and Harris was not required to inform Koval of her rights with regard to her bank under a statute to which Harris is not subject. *See Estep v. Reliable Credit Ass'n, Inc.*, No. 3:15-CV-05142-RJB, 2015 WL 3797243, at *2-3 (W.D. Wash. June 18, 2015). On the other hand, the Seventh Circuit has found that refusing to provide required information except through a toll-free number violates the FDCPA. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). Complaints need not plead legal theories and the Court declines to attempt lay out exactly what legal theories may or not may be effective regarding the electronic payment authorization, particularly on an undeveloped factual record. For now it suffices that the Seventh Circuit treats the question of "whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Whether Harris's statement concerning termination of electronic payment authorization was misleading depends as much, if not more, on the factual question of whether an unsophisticated consumer would understand it to preclude other options for canceling than it does on the legal question of its technical accuracy. Therefore, any claim Koval may have regarding the electronic payment authorization language may go forward into discovery.

\*     \*     \*

For the reasons stated above, Koval has standing to sue over the letter she received from Harris regarding her debt, even though it was addressed to her disabled father (for whom she serves as legal guardian). The complaint also states a claim that the letter was misleading under the FDCPA. Therefore, the motion to dismiss is denied.

Dated: April 5, 2017

John J. Tharp, Jr.
United States District Judge